United States District Court
Southern District of Texas
**ENTERED**
August 24, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOFFMAN LOGISTICS, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-23-1384 |
| LOUP LOGISTICS COMPANY, LLC, *et al.*, | § § § § | |
| Defendant. | § § § | |

**MEMORANDUM AND ORDER**

Plaintiff, Hoffman Logistics Co., entered into a contract with Loup Logistics Co., LLC, to transport onions from Idaho to Texas. (Docket Entry No. 1 at 2). Loup issued a bill of lading to Hoffman and named Southern Gulf Packaging & Logistics, LLC as the transloader. (*Id.* at 3). In April 2023, Hoffman sued Loup and Southern Gulf for breach of contract under both state law and the Carmack Amendment, seeking damages and attorney's fees. (Docket Entry No. 1).

Southern Gulf moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), and Hoffman responded. (Docket Entry Nos. 22, 25). Based on a careful review of the pleadings, the motion and response, the record, and the applicable law, the court grants Southern Gulf's motion to dismiss as to Hoffman's state-law claims and denies in part the motion to dismiss as to Hoffman's Carmack Amendment claim. The reasons are explained below.

I. **Background**

In January 2022, Hoffman Logistics Co. contracted with Loup Logistics Co., LLC to have onions shipped from Idaho to Texas. (Docket Entry No. 1 at 2). On January 25, 2022, Partners

Produce Inc. inspected the onions and found "a minimal standard roughly 2% decay." (*Id.*). The bill of lading Loup issued included "parameters for the method of transportation as well as the optimum temperature for the Load." (*Id.* at 3).

The onions arrived at their rail destination on February 16, 2022. The transloader, Southern Gulf, did not pick the load up for several days. (*Id.*). Southern Gulf was to deliver the onions to their final destination via tractor-trailer. On February 22, 2022, the onions were offloaded and the United State Department of Agriculture completed an arrival inspection. (*Id.*). This inspection revealed decay of up to 31%, showed that the temperature of the transport unit was higher than the temperature listed in the bill of lading, and determined that the onions were "largely spoiled and unusable." (*Id.* at 4).

Hoffman notified Loup of the spoiled onions and claimed the amount of the loss. Loup denied the claim in September 2022. (*Id.*). In April 2023, Hoffman sued Loup and Southern Gulf, seeking damages for the spoiled onions, reimbursement for payments made to Loup, and fees associated with the shipment. (*Id.* at 5). Hoffman alleged that both Loup and Southern Gulf failed to timely deliver the onions and failed to ensure proper temperature regulation during the onion shipment. Southern Gulf has moved to dismiss, and Hoffman has responded. The arguments are analyzed below.

## II.   The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does

not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

**III.     Analysis**

Southern Gulf argues that the Carmack Amendment preempts Hoffman's state-law claim. The Carmack Amendment provides "the *exclusive* cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier." *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003) (emphasis added). "In actions seeking damages for the loss of property shipped in interstate commerce by a common carrier under a receipt or bill of lading, the Carmack Amendment is the shipper's sole remedy." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 382 (5th Cir. 1998).  The Amendment bars state-law claims for loss or damage to property shipped in interstate commerce. Applying this rule, the Fifth Circuit has held that the following state-law claims are preempted:

> 1) the tort of outrage, 2) intentional and negligent infliction of emotional distress, 3) breach of contract, 4) breach of implied warranty, 5) breach of express warranty, 6) violation of the Texas Deceptive Trade Practices Act sections 17.46 and 17.50, 7) slander, 8) misrepresentation, 9) fraud, 10) negligence and gross negligence, and 11) violation of the common carrier's statutory duties as a common carrier under state law.

*Hoskins*, 343 F.3d at 777 (citing *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 306 (5th Cir. 1993)).

Hoffman claims damages caused by the spoiling of the onions in the shipment from Idaho to Texas.  That shipment was under a bill of lading.  (Docket Entry No. 1 at 3). Hoffman asserts state-law claims for breach of contract, negligence, violation of duty, conversion, and breach of bailment obligations. The Fifth Circuit held the first three preempted in *Moffit*. The Fifth Circuit has since held that the Carmack Amendment preempts conversion claims except claims for intentional conversion, *Tran Enterprises, LLC v. DHL Exp. (USA), Inc.*, 627 F.3d 1004, 1009 (5th Cir. 2010), which Hoffman has not alleged, (Docket Entry No. 1 at 12).  Claims for breach of bailment obligations are also preempted. *Gulf Rice Arkansas, LLC v. Union Pac. R.R. Co.*, 376 F. Supp. 2d 715, 719 (S.D. Tex. 2005); *Groupo Floristar, S. de R.L. de C.V. v. FFE Transp. Serv.,*

4

*Inc.*, No. 4:06-cv-2098, 2007 WL 9751917, at *2 (S.D. Tex. Apr. 19, 2007). Hoffman's state-law claims are preempted by the Carmack Amendment and must be dismissed. The court need not address Southern Gulf's alternative bases for dismissing these claims.

Southern Gulf also challenges Hoffman's Carmack Amendment breach of contract claim on the basis that "no privity existed" between Hoffman and Southern Gulf. (Docket Entry No. 22 at 9). Southern Gulf claims that because the bill of lading was between Hoffman and Loup, Southern Gulf cannot be liable if it was breached.

The Carmack Amendment imposes liability in the following situations:

> A carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 or chapter 105 are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States or from a place in the United States to a place in an adjacent foreign country when transported under a through bill of lading and, except in the case of a freight forwarder, applies to property reconsigned or diverted under a tariff under section 13702. . . .

49 U.S.C.A. § 14706. Liability under the Carmack Amendment is not limited to the carrier issuing a bill of lading. Liability can extend to a carrier that delivers the property if the transportation was by motor carrier and between states. *Id.*

Hoffman has alleged that the onions were delivered by the transloader—Southern Gulf— and that the onions were shipped from Idaho to Texas. (Docket Entry No. 1 at 2). Southern Gulf does not dispute that it is subject to jurisdiction under chapter 135. Southern Gulf acknowledges that "Hoffman's allegations, if taken as true, establish a contractual obligation or duty owed by Defendant Southern Gulf to Hoffman to timely transload the Load and keep the goods at the contractually required temperature." (Docket Entry 22 at 11).

5

Accepting Hoffman's allegations as true for the purpose of the motion to dismiss, Hoffman has sufficiently alleged that Southern Gulf is liable under the Carmack Amendment for failing to meet its contractual requirements as a transloader, causing the onions to spoil. Southern Gulf's motion for partial dismissal is granted as to Hoffman's state-law claims against Southern Gulf and denied as to Hoffman's Carmack Amendment claim.

SIGNED on August 24, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge